**FIRST STATE BANK OF BELLAIRE,**
Appellant,

v.

**CITIZENS NATIONAL BANK AND TRUST COMPANY, Appellee.**

No. 14860.

Court of Civil Appeals of Texas.

Houston.

Oct. 6, 1966.

Fulbright, Crooker, Freeman, Bates & Jaworski, Tom Connally, Houston, for appellant.

Martin & Knox, Jack R. Martin, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from a judgment rendered in favor of appellee, Citizens National Bank and Trust Company of Baytown, Texas, against First State Bank of Bellaire, Texas in the sum of $1911.44. The facts, some of which were stipulated by the parties and others found by the court or testified to, are substantially as follows:

In November, 1961 one A. L. Byrd, who was in Saudi Arabia, had in his checking account in the Baytown bank the amount of $1911.44. On the morning of November 10, 1961 an imposter called at appellant bank · in Bellaire and falsely represented that he was A. L. Byrd and that he had a checking account in appellee bank in the amount of about $2,000.00. He wanted to withdraw such amount, close the account, and open a checking account with such money in the Bellaire bank. He then drew a draft on appellee payable to appellant in the sum of $1500.00, forging the name of A. L. Byrd as drawer, but filling in no account number on the draft. Not knowing the exact amount in the account of the real A. L. Byrd in appellee bank, the imposter drew a second draft on such bank payable to appellant, writing in the word, "Balance" Dollars, forging the name of A. L. Byrd as drawer, but filling in no account number on the draft.

When the imposter was in appellant bank, an official of such bank telephoned appellee inquiring whether A. L. Byrd had on deposit in a checking account with appellee the amount of approximately $2,000.00. An official of appellee's bank replied that he did. Appellant then, without properly identifying the imposter or requiring from him any identification whatever, forthwith opened an account for such imposter in the name of A. L. Byrd, depositing therein the $1500.00 draft as a cash item and accepting for collection said draft drawn for "Balance" of the account of the real A. L. Byrd in appellee bank. Several days later when the drafts reached appellee, it filled in the amount of $411.44, which represented the "Balance." On the afternoon of the same day, November 10, 1961, that appellant opened up said account for the imposter, he returned to appellant bank and, representing that he needed some money to close the purchase of a house, drew a check in the amount of $1400.00 on the account which appellant had opened up for him that morning in its bank. Appellant cashed such check for the imposter and forger who blithely departed with the money. The forgery was not discovered until some sixty days thereafter since Mr. Byrd was in Saudi Arabia and it took that long for communications to make the round trip there and back. It is not disputed that only $1400.00 is actually involved in this suit since appellant returned to appellee the sum of $511.44 some time subsequent to the discovery of the forgery.

The forged drafts were transmitted by appellant through normal banking channels and were received by appellee two or three days after the imposter opened his account with appellant, and the amount of $1911.44 was paid to appellant. The $1400.00 was released to the imposter by appellant two or three days before appellee received the forged drafts signed by the imposter. The trial court concluded that appellant was negligent in ascertaining who the imposter was and in allowing the money to be

disbursed to the imposter, and hence entered judgment in favor of appellee.

Appellant asserts that the trial court erred in entering judgment for appellee because it paid the forged checks and charged them against its depositor's account, and also because appellee was negligent in failing to discover that its depositor's signature was a forgery, and that such negligence was a proximate cause of the loss. It further contends that the court erred because the undisputed evidence shows that appellant was not negligent in failing to require identification from the imposter.

We do not agree with appellant's contentions. It is our view that the trial court's conclusion and finding of negligence on the part of appellant is amply supported by the evidence. It is difficult to see how there could have been any other finding. Appellant naively accepted the word of a total stranger who was an imposter and forger, without requiring any identification whatever, and permitted such stranger to mulct from it $1400.00 two or three days before the forged drafts had reached appellee. It paid the imposter the $1400.00 before the forged drafts had either been received or paid by appellee and before there was any money in the imposter's account. The loss occurred when the imposter was given the money by appellant, and it was appellant's negligence that proximately caused such loss. Also, Mr. Goldston, vice-president of appellant bank, testified that the money was released to the imposter before the money was in the bank and that this was not customary.

Appellant relies upon the case of First National Bank of Wichita Falls v. First National Bank of Borger (1931) Tex.Civ. App., 37 S.W.2d 802, writ ref. That case is distinguishable from the instant case. In that case the drawee bank in Wichita Falls sued the cashing bank of Borger to recover the money paid on a check where the drawer's signature was a forgery. Although the cashing bank at Borger accepted the check for collection only and informed the drawer that he could not get any money until the check was paid, the check was accidentally forwarded as a cash item. The drawee bank received the check and decided that the forged signature of its depositor was genuine and remitted the money to the cashing bank at Borger.

The check was received by the Borger bank on October 14, 1929. No money was paid out by the Borger bank to the imposter until October 16, when it paid $500.00, and on October 17, when it paid the balance in the sum of $1750.00. The Borger bank had told the imposter that he couldn't get any money until the check was paid, and there is nothing in the opinion of the court showing that the Borger bank paid out the money before receiving it from the Wichita Falls bank. Of course, if the money was paid out by the Borger bank after receiving it from the drawee bank at Wichita Falls, it is clear that the drawee bank, charged with knowing the signature of its depositor, would have no right to recover, and the court held that it could not recover. In the absence of any statement in the opinion to the contrary, we assume that that is what happened.

We also assume in view of the dates when the payments were made to the imposter, and the statement in appellant's brief to the effect that the payment on October 17 was made after the Borger bank had received the money, that in any event the forged check had probably been received and accepted by the Wichita Falls bank and the amount thereof charged against the account of its customer, prior to the time any of the money was paid out by the Borger bank. If the Borger bank had notice of such acceptance before paying out the money, the Wichita Falls bank would not be entitled to recover from the Borger bank.

In the present case the Bellaire bank paid the $1400.00 to the imposter two or three days before the Baytown bank ever saw or received the drafts, and there was

nothing done by the Baytown bank which in any way caused or contributed to the loss. Of course, the Baytown bank was liable to its depositor since it charged the amount of the forged drafts against his account and was as a matter of law negligent in so doing. But no negligence on the part of the Baytown bank could have possibly caused or contributed to the loss of the $1400.00 paid to the imposter by the Bellaire bank under the facts of this case. Hence the Baytown bank should be permitted to recover the amount paid by mistake to the Bellaire bank even though it was negligent in not discovering the forged signature of its depositor. Had the Baytown bank made such discovery and refused to pay the money to the Bellaire bank, it is certain that the Bellaire bank would not be entitled to recover against the Baytown bank the amount it paid the imposter. In other words, the Bellaire bank if required to pay back the $1400.00, will be in no worse position than it would have been if the Baytown bank had refused to pay the forged drafts and not forwarded the money.

In First National Bank v. Farmers' & Merchants' State Bank, 146 S.W. 1034, writ dism'd, upon facts somewhat similar to those in the instant case, though less favorable to recovery by the cashing bank than the facts in the present case, Justice Key speaking for the Austin Court of Civil Appeals used the following language which is applicable to the instant case: " * * * In other words, the draft being a forgery, the defendant could not enforce its payment, and had no right to the money received from the plaintiff thereon, and, if compelled to refund it, will be in no worse condition than it was before it received the plaintiff's money. Such being the case, it is immaterial that the plaintiff was negligent, because it does not lie in the defendant's mouth to say to the plaintiff: 'While I had no right to the money, I have a right to keep it because, if you had exercised proper care and diligence, I would not have obtained it.' Such doctrine is unsound in law, is contrary to the plain principles of justice, and repugnant to the fundamental rules of equity. * * *."

Although the case of Fidelity & Deposit Co. of Maryland v. Fort Worth Nat. Bank, Tex.Com.App., 65 S.W.2d 276, involves the payment of money by the collecting bank on a forged indorsement, we are of the opinion that the holding of the court upon the facts in such case, at least by analogy, strongly supports the right of appellee in the instant case to recover. The court said:

"Though there is some authority to the contrary, the great weight is on the side which holds that a collecting bank which accepts a check on another bank on a forged indorsement acquires no title thereto, and holds the proceeds thereof, when collected from the drawee bank, for the rightful owner, who may recover from the collecting bank as for money had and received, even though such bank has fully paid over and accounted for the same to the forger without knowledge or suspicion of the forgery. Michie on Banks and Banking, pp. 522, 523, and 524. * * *."

See also First State Bank of Wichita Falls v. Oak Cliff Savings & Loan Association, Tex.Sup. 1965, 387 S.W.2d 369; First Nat. Bank v. Wood County, Tex.Civ.App., 294 S.W. 324.

Judgment affirmed.